■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY CHENG, Also Known as JIH JUI CHENG, Appellant. [666 NYS2d 494] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 28, 1996 (*People v Cheng,* 232 AD2d 651), affirming a judgment of the Supreme Court, Queens County, rendered July 12, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Copertino and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN CLARKE, Appellant. [666 NYS2d 491] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 4, 1995, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On December 20, 1994, the defendant pleaded guilty to one count of robbery in the first degree in full satisfaction of a multicount indictment. The court adjourned the case to January 4, 1995, and a presentence report was prepared. On that day, the defendant moved to vacate his plea, indicating that he did not want the plea and that he wanted a new lawyer. The court denied the motion and sentenced the defendant in accordance with the plea agreement. His contention that the plea had not been formally entered on December 20 is made for the first time on appeal and is unpreserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636).

There is no merit to the defendant's contention that his sentence was excessive (*see, People v Kazepis,* 101 AD2d 816). Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.